Ernest L. COX, Plaintiff—Appellant,

v.

Gregory HARRIS; L. Trexler, Defendants—Appellees.

No. 02–15510.

D.C. No. CV–01–20510–JW.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Cox's request for counsel to represent him at oral argument is denied.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

Ernest L. Cox, a California state prisoner, appeals pro se the district court's judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth Amendment rights by failing to protect him from assault by other inmates. The district court dismissed the action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's application of the substantive law governing exhaustion of administrative remedies, and we review for clear error its factual findings. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.1988) (per curiam). We vacate and remand.

█ The record shows that, before he was assaulted, Cox corresponded with de-

fendant Harris and spoke to defendant Trexler about threats to his safety, and that after the assault he spoke and corresponded with E.C. Donnelly of the California Department of Corrections about transferring to another institution. These letters and conversations were not sufficient to satisfy the exhaustion requirement because Cox neither presented the Eighth Amendment claims asserted in his section 1983 complaint nor pursued the three-tiered inmate appeal process mandated by California law. *See Wyatt v. Terhune*, 315 F.3d 1108, 1116 & n. 8 (9th Cir.2003) (describing administrative remedies available to California state prisoners). Moreover, Cox was required to exhaust these administrative remedies even though his complaint sought only damages. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Accordingly, the district court properly dismissed the action pursuant to 42 U.S.C. § 1997e(a).[1]

█ Nevertheless, failure to exhaust administrative remedies is a matter in abatement and should be raised in an unenumerated Fed.R.Civ.P. 12(b) motion rather than in a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citations omitted) (noting that dismissal for failure to exhaust administrative remedies is not a judgment on the merits). Accordingly, we vacate the judgment and remand to the district court to enter a dismissal without prejudice. *See id.* at 1120 ("If the district court concludes that the prisoner has not exhausted

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject Cox's contentions that the defendants waived the exhaustion defense and were barred from relying on *Booth* because they did not cite it in their motion to dismiss or for summary judgment. Defendants raised the exhaustion defense in their opening mem-

orandum. Because *Booth* was decided after defendants filed the motion but before briefing was complete, they properly raised their *Booth* argument in their reply memorandum. Moreover, the defendants satisfied their burden of proving the absence of exhaustion because the evidence submitted by Cox clearly shows that he did not pursue his grievances through each of the required three levels of appeal. *See Wyatt*, 315 F.3d at 1116 & n. 8.

nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice").

The parties shall bear their own costs on appeal.

**VACATED AND REMANDED** for entry of judgment dismissing without prejudice.